IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | |
|---|---|
| BRIAN JAMES AZURE, ) | Cause No. CV 09-72-M-DWM-JCL |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| MONTANA STATE PRISON ) | |
| WARDEN MIKE MAHONEY; ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF MONTANA, ) | |
| ) | |
| Respondents. ) | |

_____

On May 19, 2009, Petitioner Brian Azure filed this action for writ of habeas corpus under 28 U.S.C. § 2254. Azure is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it

plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

**II. Background**

The following facts are taken from the partial trial transcript submitted by Azure, see Trial Tr. (doc. 1 #5), and from the Montana Supreme Court's opinion in State v. Azure, 186 P.3d 1269 (Mont. 2008).

Azure was convicted of robbery in 1997 in Cascade County, Montana. He was sentenced to serve twenty years in prison, with five suspended. When he completed Boot Camp, his sentence was modified to twenty years with eight suspended. He was discharged from prison and began serving the suspended portion of his sentence in October 2002. In May 2004, the suspended sentence was revoked. He was placed in the custody of the Department of Corrections ("DOC") for eight years, with two years suspended. Azure, 186 P.3d at 1270 ¶ 2.

In early December 2004, Azure was released from prison and placed in the DOC's Intensive Supervision Program. Dave Sonju was the Probation and Parole Officer responsible for Azure's supervision. After Azure's release, he lived on Cozy Court in Missoula County. In mid-December 2004, he moved to Mormon Creek

Road. In May 2005, he moved to South 8th Street. Sonju always knew Azure's address. Sonju informed and reminded Azure on several occasions that Azure must register any change in address with the Missoula County Sheriff's Office. Azure did so when he moved from Cozy Court to Mormon Creek Road. He did not do so when he moved from Mormon Creek Road to South 8th Street. Trial Tr. at 7:11-9:25; Azure, 186 P.3d at 1271 ¶ 5.

In July 2005, Azure was charged in Montana's Fourth Judicial District Court, Missoula County, with failure to register as a violent offender. A jury found him guilty. He was sentenced to serve five years in prison. Judgment was entered on April 24, 2006. Pet. (doc. 1) at 2-3 ¶¶ 1-6; State v. Azure, 186 P.3d 1269, 1270 ¶ 1, 1271 ¶ 6, 1272 ¶ 11 (Mont. 2008).

Azure appealed. On June 17, 2008, the Montana Supreme Court affirmed his conviction. Azure, 186 P.3d at 1270 ¶ 1.

Azure filed his federal habeas petition on May 12, 2009. Pet. at 7 ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988).

### III. Azure's Allegations

Azure seeks dismissal of the charges against him, imposition of civil penalties against Sonju, and Sonju's removal from any job in law enforcement. Pet. at 7 ¶ 18.

Azure contends, first, that Sonju was negligent in failing to advise the Montana

Department of Justice of his change of address in May 2005. He also complains that Sonju used an "admission" against him at trial when Azure "was not admitting" anything. Id. at 4 ¶ 15A.

Second, Azure rhetorically asks, "The penalty for a civil charge is immediately a felony?" Id. ¶ 15B. Presumably he means to allege that his failure to register was not or should not be a crime under Montana law.

Third, Azure claims that his only duty to report a change of address arose from his status as an offender under DOC supervision. "Had I not been on any supervision my duty to inform would be a different location." Id. at 5.

**IV. Analysis**

Although some or all of Azure's claims may be barred on procedural grounds, such as procedural default,[1] it is clear that he is not entitled to relief on the merits of his claims. Accordingly, it is more efficient to proceed to the merits. See, e.g., 28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

---

[1] Azure filed a petition for postconviction relief in the trial court in April 2009. It was dismissed on May 4, 2009. Azure v. State, No. DV 09-547 (Mont. 4th Jud. Dist. May 4, 2009) (doc. 1 #2). His federal petition indicates that he has not presented any of its claims to the Montana Supreme Court. Pet. at 4 ¶ 15A(4), 5 ¶ 15C(4), 6 ¶ 15B(4). A federal court may overlook failure to exhaust if it is clear the petitioner is not entitled to relief. 28 U.S.C. § 2254(b)(2); Granberry v. Greer, 481 U.S. 129, 135 (1987).

### A. Who Was Responsible for Updating Azure's Address?

In his first and third claims, Azure asserts that it was his Sonju's duty, not Azure's, to report his change of address to the Montana Department of Justice. The question is decided by state law, not federal law. The Montana Supreme Court held that the responsibility was not Sonju's but Azure's. "[T]he Legislature intended the duty to register to be triggered upon release from 'confinement,' not 'custody' or 'confinement and supervision.'" Azure, 186 P.3d at 1274 ¶ 19.

Neither this Court nor the United States Supreme Court may question the Montana Supreme Court's interpretation of Montana law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); Wisconsin v. Mitchell, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute.").

The first part of Azure's first claim and all of his third claim should be denied.

### B. Admission

In the second part of his first claim, Azure asserts that Sonju used an "admission" against him in violation of Miranda v. Arizona, 384 U.S. 436 (1966). Postconviction Relief (doc. 1 #4) at 1. He told Sonju he had not reported his May 2005 address change because he did not have identification and because he feared he

might lose his housing.  Id.; Trial Tr. at 9:10-21.

The reasons for the Miranda rule do not apply to run-of-the-mill meetings between probation and parole officers and supervisees.  Azure was not entitled to a Miranda warning.  Minnesota v. Murphy, 465 U.S. 420, 432-33 (1984).

The second part of Azure's first claim should be denied.

### C. Criminal Penalty

Titles 45 and 46 of the Montana Code Annotated are titled "Crimes" and "Criminal Procedure," respectively.  The only penalty prescribed by the Legislature for violation of the registration requirement is imprisonment for up to five years.  Nothing in federal law requires the State of Montana to allow a lesser criminal penalty or a non-criminal civil penalty for failure to register.  Azure's second claim should be denied.

## V. Certificate of Appealability

### A. Governing Law

"A certificate of appealability ['COA'] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).  To obtain a COA, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Azure does not allege any facts that could show a violation of the Federal Constitution. His claims take issue with state law, not federal law. To the extent Azure alleges he was entitled to a Miranda warning before his supervising probation officer asked him whether he had reported his May 2005 change of address, he is mistaken. Minnesota v. Murphy, 465 U.S. 420, 432-33 (1984). A COA is not warranted.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Azure.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Azure may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a

de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Azure must immediately inform the Court of any change in his mailing address</u> by filing a Notice of Change of Address. Failure to do so may result in dismissal of this case without notice to him.

DATED this 29th day of July, 2009.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge